IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NUMBER: 2:23-cv-00036-JLB-NPM

ROBERT BELLAMY and
MARY SUE BELLAMY,

    Plaintiffs,

vs.

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

COMES NOW, the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Hartford"), by and through its undersigned counsel, and responds to the Complaint filed herein as follows:

### JURISDICTIONAL BACKGROUND

1. Admitted for jurisdictional purposes only, otherwise denied.

2. Admitted only that Hartford Ins. Co. of the Midwest ("The Hartford") is a foreign corporation authorized to do business, and does in fact conduct business, in Lee County, Florida, and that the real property where Plaintiffs reside is located in Lee County, Florida. All remaining allegations are denied.

3. Admitted only that Defendant received the Notice of Intent to Initiate Litigation filed on December 7, 2022. Otherwise, denied with respect to the allegations contained in the Notice of Intent to Initiate Litigation.

## THE PARTIES

4. Admitted for jurisdictional purposes. Otherwise, without knowledge and therefore denied.

5. Admitted only that that Hartford is a foreign for-profit corporation, incorporated in the State of Indiana, with its principal place of business in Hartford Connecticut. All remaining allegations are denied.

## GENERAL ALLEGATIONS

6. Admitted only that Hartford Insurance Company of the Midwest issued policy number 55RBF744701 to Robert W and Mary Sue Bellamy for coverage to the property located at 25623 Jarrow Road, Bonita Springs, Florida 34135, which was effective for the policy period August 11, 2022 through August 11, 2023, subject to the terms and conditions outlined therein. See a true and correct copy of the policy attached hereto as **Exhibit A**. All remaining allegations are denied.

7. Admitted only that the subject policy was in effect on September 28, 2022, and that Plaintiffs claimed damage to their property resulting from Hurricane Ian, which Hartford found fell below the deductible. See a true and correct copy of the below deductible letter attached hereto as **Exhibit B**. All remaining allegations are denied.

8. Admitted only that Plaintiffs reported alleged roof damage occurring to the property on September 28, 2022 to Hartford on or about October 4, 2022, and that in response, Hartford issued claim number PP0019559005 for the purposes of investigating and adjusting the claim. All remaining allegations are denied.

## COUNT I – BREACH OF CONTRACT

9. Defendant readopts and re-alleges its responses to paragraphs 1 through 18 as if fully set forth herein.

10. Denied.

12. [sic] Denied.

Defendant specifically denies all factual allegations and prayers for relief set forth in Plaintiff's Wherefore Clause.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Should this Court determine any monies are owed as a result of the claimed loss, then the applicable deductible of $5,460 should be considered as a set-off to any damages awarded in this litigation.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs are seeking to recover the cost of repairs, which the policy requires to be completed and the expenses incurred before recovery, Plaintiffs are not entitled to said proceeds. This includes, but is not limited to any claimed matching and/or replacement cost damages. The policy states in relevant part:

**SECTION I—PERILS INSURED AGAINST**
**A.    Coverage A—Dwelling And Coverage B—Other Structures**
   1. We insure against risk of direct physical loss to property described n Coverages **A** and **B**.

   * * *

**SECTION I—CONDITIONS**

   * * *

 **C.** **Loss Settlement**
In this Condition **C.**, the terms "cost to repair or replace" and "replacement cost" do not include the increased costs incurred to comply with the enforcement of any ordinance or law, except to the extent that coverage for these increased costs is provided in **E.11.** Ordinance Or Law under Section **I** – Property Coverages. Covered Property losses are settled as follows:

 **2.** Buildings covered under Coverage **A** or **B** at replacement cost without deduction for depreciation, subject to the following:
  * * *
  **d.** We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss as noted in **2.a.** and **b.** above.
  However, if the cost to repair or replace the damage is both:
  **(1)** Less than 5% of the amount of insurance in this policy on the building; and
  **(2)** Less than $2,500;
  we will settle the loss as noted in **2.a.** and **2.b.** above whether or not actual repair or replacement is complete.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are seeking to recover Ordinance or Law damages, such costs must be incurred before they are recoverable. The policy states in relevant part:

**11.** **Ordinance Or Law**

 **a.** You may use up to 10% of the limit of liability that applies to Coverage **A** for the increased costs you incur due to the enforcement of any ordinance or law which requires or regulates:

  **(1)** The construction, demolition, remodeling, renovation or repair of that part of a covered building or other structure damaged by a Peril Insured Against.
  **(2)** The demolition and reconstruction of the undamaged part of a covered building or other structure, when that building or other structure must be totally demolished because of damage by a Peril Insured Against to another part of that covered building or other structure; or
  **(3)** The remodeling, removal or replacement of the portion of the undamaged part of a covered building or other structure necessary to complete the remodeling, repair or replacement of that part of the covered building or other structure damaged by a Peril Insured Against.

Prior to the commencement of this action, Plaintiffs did not show any incurred repair expenses required due to the enforcement of an ordinance or law. Accordingly, such expenses

are not recoverable in this litigation. To the extent that any such expenses are recoverable, they are subject to the reduced limits documented in the Declarations.

## FOURTH AFFIRMATIVE DEFENSE

In the event that Plaintiffs failed to mitigate her damages, then their recovery, if any, should be reduced or barred based on the extent that such failure contributed to their losses.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' right of recovery is governed and limited by the following conditions as set forth in the policy of insurance and stated here in pertinent part:

**SECTION I – PERILS INSURED AGAINST**
A. Coverage A – Dwelling And Coverage B – Other Structures
1. We insure against risk of direct physical loss to property described in Coverages A and B.
2. We do not insure, however, for loss:

    **c.** Caused by:

    **\* \* \***
    **(6)** Any of the following:
        **(a)** Wear and tear, marring, deterioration
        **(b)** Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;"
        **(c)** Smog, rust or other corrosion, or dry rot;"

Defendant's pre-suit inspection of the property revealed evidence of wear and tear to the shingle roof. Such damage is not contemplated under the policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' right of recovery is governed and limited by the following conditions as set forth in the policy of insurance and stated here in pertinent part:

**SECTION I – EXCLUSIONS**
**B.** We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.

**3.** Faulty, inadequate or defective;
    b. Design, specification, workmanship, repair, construction, renovation, remodeling, grading,
        compaction;
        c. Materials used in repair, construction, renovation or remodeling; or
        d. Maintenance;

Defendant's pre-suit inspection of the property revealed evidence of faulty maintenance or repairs. Such damage is not contemplated under the policy.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has breached the terms and conditions of the Policy by failing to comply with the post-loss conditions as conditions precedent to recovery, including, but not limited to, failing to submit documentation prior to commencement of this action in accordance with the following Policy provisions:

**SECTION 1 – CONDITIONS**

**B. Duties After Loss**
In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

5. Cooperate with us in the investigation of a claim;

* * *

7. As often as we reasonably require:
   a. Show the damaged property;
   b. Provide us with records and documents we request and permit us to make copies; and

Plaintiffs reported claimed roof damage. During an inspection of the subject property, Defendant was allowed access to inspect the roof and exterior of the property only. In its below deductible letter, Hartford requested any additional documents for its consideration. No additional documents were submitted documenting additional damages or incurred expenses.

Plaintiffs' failure to show the interior of the property and submit documents establishing the claimed damage violates the Duties After Loss provision.

The Hartford hereby reserves the right to amend its Affirmative Defenses upon the discovery of new information.

WHEREFORE, the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST respectfully prays for judgment in its favor, costs of this action and such other relief as the Court deems appropriate under the circumstances. Defendant demands a trial by jury on all issues so triable as a matter of right.

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/ Tracy A. Jurgus, Esq.*
TRACY A. JURGUS, ESQ.
Florida Bar No.:  483737
tjurgus@butler.legal
LAUREN A. MADDOX, ESQ.
Florida Bar No.: 1003889
lmaddox@butler.legal
Mail Center:   400 N. Ashley Drive, Suite 2300
               Tampa, Florida  33602
Telephone:    (305) 416-9998
Facsimile:    (305) 416-6848
*Attorneys for Defendant, Hartford Insurance Company of the Midwest*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system on January18, 2023, on all counsel or parties of record on the Service List Below.

/s/ Tracy A. Jurgus, Esq.
TRACY A. JURGUS, ESQ.

## SERVICE LIST

Jonathan D. Schwartz, P.A.
13611 South Dixie Hwy, Suite 335
Miami, FL  33176
jonathan@jonathanschwartzesq.com
service@jonathanschwartzesq.com
Attorneys for Plaintiffs, Robert and Mary Sue Bellamy